### 9260. MALLOY v. McNEEL MARBLE COMPANY.

The sole issue for determination being whether a mausoleum provided by the executors as a "suitable protection for the grave of the deceased" was in fact "suitable," considering the cost thereof and the size of the solvent estate, and the trial judge, who passed upon this question without the intervention of a jury, having determined the issue of fact, this court can not review his finding, since the amount contracted for was not itself so great as to compel a contrary conclusion.
DECIDED APRIL 9, 1918.

Complaint; from city court of Quitman—Judge Long.   September 29, 1917.

*Bennet & Harrell,* for plaintiff in error.

*D. W. Blair, M. Baum,* contra.

WADE, C. J.   According to the record in this case, Z. W. Oglesby died leaving an estate of $300,000, against which it does not appear there were any outstanding demands.   The executors named in his will conferred with the seven legatees thereunder, the children of the deceased, and obtained the consent of six of them to the purchase and erection of a mausoleum sufficient to hold the remains of several other members of his family as well as the body of the deceased.   The executors thereupon entered into a contract for the building of the mausoleum at the price named, but thereafter resigned their trust; and the plaintiff in error was appointed administrator of the estate, and subsequently to his appointment the mausoleum was completed in accordance with the contract.   The administrator, with the consent of six of the seven legatees under the will, paid to the defendant in error $1,000 for each of them, or a total of $6,000 on the agreed contract price.     It appears that the remaining heir was laboring under some disability which made it impossible for the administrator to obtain her consent; and her trustee, doubting his authority to do so, declined to consent in her behalf.   The administrator refusing to pay the balance of $1,000 due under the contract, suit was instituted therefor, and the defense was interposed that the value of the estate of the deceased did not authorize the expenditure of the sum of $7,000 as a protection for his grave or as a monument to him.   It appeared on the trial that prior to his death the deceased had frequently expressed an intention to build a mausoleum for his own body and for other members of his family, and that he had even been negotiating to this end with builders of such structures, shortly before his demise, and had expressed his intention to build a mausoleum as expensive as the one contracted for by his executors, though he had not definitely fixed upon the amount to be so expended.   The judge, presiding without the intervention of a jury, rendered a finding and judgment in favor of the plaintiff for the unpaid balance, $1,000, with interest.   There is no material conflict in any of the evidence which must be considered in the determination of this case.   As

stated by counsel for the plaintiff in error in their briefs of file in this court, the only question for decision is whether or not the executors of an unencumbered estate which according to the evidence was worth $300,000, and was admitted in the briefs of counsel for both sides to be worth $350,000, had authority, under the law, to make a contract for a mausoleum for the deceased costing $7,000.

Since the dawn of recorded time civilized man has persisted in the vain effort to perpetuate the memory of his ephemeral life and puny achievements throughout the ages of the immeasurable future. The colossal statues of Egypt and Assyria and the innumerable tombs and monuments which lined the Appian Way of imperial Rome bear silent testimony to this all-pervading instinct of humanity. Except to the ear attuned by faith to catch the truths suggested by nature and declared by revelation, the eternal question remains unanswered,—"if a man die, shall he live again?" Yet nevertheless, though material proof to establish a future spiritual existence must in the nature of things be impossible, and man can never demonstrate by the testimony of his senses that the individual soul will survive the shock of separation from its mortal tenement, he would at least extend his life by preserving for future generations some record of his earthly existence, and thus live beyond the grave for a brief additional time, in the minds of the generations to follow. So natural and general is this desire, that the law usually recognizes the propriety of not only interring decently the body of the deceased, but of erecting, at the expense of his legatees, a suitable monument to perpetuate his memory. This idea has found expression and is crystalized in the statute law of this State, which provides for payment of "Funeral expenses to correspond with the circumstances of the deceased in life, including the physician's bill and expense of the last sickness;" and that "If the estate is solvent, the administrator is authorized to provide a suitable protection for the grave of the deceased." Civil Code (1910), § 4000, subsection 2. As already said, the record in this case suggests that the estate of the deceased was worth at least $300,000 net, and nothing appears to the contrary in the briefs of counsel for both sides. The mausoleum apparently serves the joint purpose of both grave and monument, and, if considered solely as a grave, might perhaps be in-

cluded under the provisions of the statute authorizing "funeral expenses" to correspond to the circumstances of the deceased in life. Regardless of this, however, if we consider the mausoleum merely as a "protection for the grave of the deceased," it then becomes a question of fact whether or not "the protection" was "suitable," when the size of the solvent estate is considered. The trial judge, sitting as both court and jury, passed upon this issue of fact and held that $7,000 was not an excessive or unreasonable amount to be expended for such purpose. There was ample evidence to sustain this finding, and this court cannot say as a matter of law that this amount would not be "suitable." It is unnecessary to enter into any discussion as to the authority of the executors to erect a monument over the grave of the deceased. It is not disputed that the mausoleum in question was a protection, and a sufficient protection, for his grave, as well as a monument to his memory, and the only question was whether the amount contracted for was too great, and hence not "suitable," in view of the size of the estate. Since the cost of the mausoleum contracted for was not so great and so utterly disproportionate to the size of the solvent estate as to *compel* the conclusion that the protection thus afforded the grave of the deceased could not be reasonably classified as "suitable," the judgment of the lower court must be

*Affirmed. Jenkins and Luke, JJ., concur.*